**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MOSI RUNAKO LASHAY JONES,

Plaintiff,

v. Case No. 8:26-cv-1587-KKM-LSG

LVNV FUNDING, LLC,

Defendant.

---

# ORDER

Defendant LVNV Funding, LLC, removed this action from state court on May 28, 2026. (Doc. 1). Since then, Plaintiff Mosi Jones has repeatedly disregarded this Court's orders and the Local Rule requiring all parties to file a Certificate of Interested Persons and Corporate Disclosure Statement. (Docs. 6, 9). I notified Jones that he had failed to comply with orders, afforded him extra time to do so, and warned that "[i]f [he] fail[ed] to file the form, this case will be dismissed without prejudice for failure to prosecute and failure to follow court orders." (Doc. 24). Jones again flouted my order. So, I dismissed his case without prejudice. (Doc. 25).

Jones now moves to vacate the judgment and reopen this case. *See* Mot. (Doc. 28). Because Jones does not meet the high standards for relief from

judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure, I deny the motion.

Rule 59(e) allows a party to move to "alter or amend a judgment" within twenty-eight days of the entry of judgment. FED. R. CIV. P. 59(e). There are three grounds that support a motion under Rule 59(e): "(1) an intervening change in controlling law[,] (2) newly discovered evidence, and (3) manifest errors of law or fact." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-cv-41-JLB-MRM, 2022 WL 738559, at *2 (M.D. Fla. Feb. 9, 2022) (quoting *Banister v. Davis*, 590 U.S. 504, 508 n.2 (2020)).

Jones makes no argument that his motion is supported by an intervening change in law, new evidence, or any errors of law or fact. Relief under Rule 59 is therefore improper.

Instead, Jones argues that this Court's judgment should be vacated because his negligence in disobeying this Court's orders is "excusable." *See* Mot. at 3. This basis for relief applies to Rule 60, not Rule 59. *See* FED. R. CIV. P. 60(b). Although Jones did not explicitly invoke Rule 60 in his motion, I consider whether it applies here.[1]

[1] Jones also mentions that dismissal for failure to prosecute is "an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Mot. at 3 (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)). This misstates the law. That standard clearly applies to "dismissal *with prejudice*." *Betty K Agencies*, 432 F.3d at 1337–38. I dismissed Jones's action without prejudice.

Under Rule 60, a "court may relieve a party . . . from a final judgment, order, or proceeding" based on a party's "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). The determination whether neglect "will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). When considering whether a party has demonstrated excusable neglect, a court considers "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Jones contends that his noncompliance caused no prejudice to LVNV, was brief and did not affect the judicial proceedings, and was inadvertent and not the product of bad faith. *See* Mot. 4–5. He also argues that he has acted in good faith and cured the deficiency. *Id.* at 5.

Although Jones's noncompliance caused "little prejudice" to LVNV, *see* Resp. (Doc. 31) at 11, it had a potential impact on the judicial proceedings, was entirely within Jones's control, and lacks any justification. As this Court explained in the order that Jones ignored, the required disclosure statements permit a court to know whether there are any "parties and interested corporations in which any assigned judge may be a shareholder or otherwise

have an interest, as well as for other matters that might require consideration of recusal." Civil Case Standing Order (Doc. 6) at 2. When a party fails to comply with the disclosure requirement, a court cannot determine whether it may ethically preside over the matter. *See* 28 U.S.C. § 455(b)(4) (requiring a judge to disqualify herself when she "has a financial interest in the subject matter in controversy or in a party to the proceeding").

More, Jones calls his failure to comply "inadvertent[]" without offering any explanation except that he "was concurrently managing the merits of this litigation." *See* Mot. at 2. This explanation does not show that Jones's noncompliance was out of his control or otherwise justified.

Finally, even now, Jones has not cured his deficiency. Although he submitted a disclosure statement in conjunction with this motion, *see* (Doc. 30), he did not use the correct form despite this Court's repeated instructions to do so, *see* Civil Case Standing Order at 2, 7–9; (Docs. 9, 24).

Relief from final judgment is improper under Rules 59 and 60. Leave for e-filing access is also improper because Jones has not shown a sufficient basis to grant an exception to the general rule that pro se litigants must file paper documents with the Court. *See Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020).

Accordingly, the following is **ORDERED**:

1. The plaintiff's Motion to Vacate Judgment and Reopen Case is **DENIED.**

2. The plaintiff's Motion for Leave to Register as a CM/ECF Electronic Filer is **DENIED**.

**ORDERED** in Tampa, Florida, September 21, 2026.

Kathryn Kimball Mizelle

Kathryn Kimball Mizelle
United States District Judge